NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2400-15T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

ASIM Q. JULES,

 Defendant-Appellant.
————————————————————————————————————-

 Submitted May 10, 2017 – Decided July 26, 2017

 Before Judges Hoffman and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Monmouth County, Indictment No.
 15-02-0343.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Stefan Van Jura, Deputy Public
 Defender, of counsel and on the brief).

 Christopher J. Gramiccioni, Monmouth County
 Prosecutor, attorney for respondent (Alissa
 Goetz, Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM

 Defendant Asim Jules appeals from his conviction for third-

degree possession of alprazolam (Xanax), N.J.S.A. 2C:35-10(a)(1).

The judgment of conviction was based on defendant's guilty plea,
following his indictment for fourth-degree obstruction, N.J.S.A.

2C:29-1, and third-degree possession of alprazolam. The judge

sentenced defendant to two years of probation and a six-month

suspension of his license, along with fines and penalties.

 Defendant's appeal focuses solely on the denial of his motion

to suppress evidence obtained from a strip search, which police

conducted at their headquarters after his arrest. Having reviewed

the suppression record and the applicable law, we are compelled

to reverse.

 I.

 We discern the following facts from the suppression hearing.

On September 19, 2014, at approximately 1:42 a.m., Officer Aaron

Lay of the Neptune Township Police Department observed a vehicle

pass by his parked patrol car and slow down at a traffic light;

at that point, the vehicle's passenger side brake light failed to

illuminate. Officer Lay followed the vehicle and entered its

license plate number into his mobile data terminal (MDT) system.

The MDT check revealed the vehicle's registration had expired, and

the license of the registered owner had been suspended.

 Upon learning this information, Officer Lay stopped the

vehicle and exited his patrol car. As he approached the driver's

side of the vehicle, he detected an "overwhelming odor of raw

marijuana," which "became stronger and more pungent" as he drew

 2 A-2400-15T1
closer. Officer Lay observed defendant in the driver's seat and

noted he was the only person in the vehicle. The officer obtained

defendant's vehicle registration card, which he confirmed was

expired. Defendant said he was coming from a party; he denied any

prior arrests, but a records check revealed a prior arrest for

marijuana possession in 2013.

 After backup arrived, Officer Lay asked defendant to step out

of the vehicle because of the marijuana odor. According to the

officer, the odor became stronger as defendant exited the vehicle

and seemed to emanate from his person. Officer Lay proceeded to

search defendant, beginning with his pockets. The officer then

reached into defendant's groin area, where he felt a round, hard,

cylindrical object made of plastic or similar material. Officer

Lay testified as follows regarding this object:

 Q. Based on those observations – what
 you could feel, what did you believe it to be?

 A. I suspected that it was most likely
 a prescription pill bottle.

 Q. And how did you know – what made you
 believe that it was a pill bottle?

 A. I've handled them in the past so I
 was familiar with it.

 Q. In . . . your work as a police
 officer?

 A. Yes, ma'am.

 3 A-2400-15T1
 Q. Did the discovery of the pill bottle
 near the groin alert you to anything?

 A. It's just a common place that
 subjects will frequently store contraband drug
 or items to conceal them from law enforcement.

 Upon discovery of the object, defendant became "antagonistic"

and attempted to "twist away" from Officer Lay. Defendant stated

the object was his genitalia, but Officer Lay did not believe him.

Defendant made the search difficult by "moving around" and at one

point "took a step backwards and began to fall on the ground."

The police placed defendant in handcuffs so they could continue

the search; however, they eventually ended the search because of

defendant's continued noncompliance and secured him in back seat

of the patrol car, which began to smell of marijuana. Defendant

admitted to another officer he had smoked marijuana in his car,

but none remained in his vehicle. Officer Lay affirmed he arrested

defendant "based off the smell of marijuana and what [he] fe[lt]

at [that] point."

 Officer Lay transported defendant to police headquarters and

obtained permission from his shift commander to conduct a strip

search. Police asked defendant to remove each article of clothing

until he was in his underwear. Defendant then removed his

underwear, revealing a translucent orange prescription pill bottle

clenched between his legs. The bottle contained eight tablets,

which police later identified as alprazolam.
 4 A-2400-15T1
 Following the suppression hearing, the judge denied

defendant's motion in a written opinion. The judge found Officer

Lay had reasonable articulable suspicion that defendant committed

two traffic violations, justifying the initial stop. He then

determined Officer Lay had probable cause to arrest defendant for

possession of a controlled substance, based on "the late hour of

the night, the suspicious conduct of [d]efendant, the 'plain feel'

of a prescription pill bottle, the odor of raw marijuana, and

Officer Lay's training, experience, and expertise." Relying on

N.J.S.A. 2A:161A-1,1 he concluded the strip search was lawful under

the search incident to arrest exception to the warrant requirement,

finding "[d]efendant's arrest and search of his person were part

of one uninterrupted transaction."

 After he was sentenced, defendant filed this appeal. He

presents the following point of argument:

 IN THE ABSENCE OF A WARRANT OR A RECOGNIZED
 EXCEPTION TO THE WARRANT REQUIREMENT, THE
 STRIP SEARCH OF DEFENDANT WAS UNLAWFUL, AND
 THE EVIDENCE SEIZED FROM HIS GROIN MUST BE
 SUPPRESSED. U.S. CONST. AMENDS. IV AND XIV;
 N.J. CONST. ART. 1 PAR 7.

 II.

 In reviewing the denial of a suppression motion, we "must

uphold the factual findings underlying the trial court's decision

1
 The judge cited N.J.S.A. 2A:161A-3 in his opinion but applied
the language from N.J.S.A. 2A:161A-1.
 5 A-2400-15T1
so long as those findings are supported by sufficient credible

evidence in the record." State v. Gamble, 218 N.J. 412, 424 (2014)

(citing State v. Elders, 192 N.J. 224, 243 (2007)). However, we

grant no special deference to the trial judge's "interpretation

of the law . . . and the consequences that flow from established

facts." Id. at 425 (citing State v. Gandhi, 201 N.J. 161, 176

(2010); Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366,

378 (1995)).

 "Both the United States Constitution and the New Jersey

Constitution guarantee an individual's right to be secure against

unreasonable searches or seizures." State v. Minitee, 210 N.J.

307, 318 (2012) (citing U.S. Const. amend. IV; N.J. Const. art.

I, ¶ 7). A search or seizure undertaken without a warrant is

"presumed to be invalid." Ibid. (citing State v. Cooke, 163 N.J.

657, 664 (2000)).

 Nonetheless, the police may arrest a suspect in public without

a warrant so long as probable cause exists to justify the arrest.

State v. Shannon, 222 N.J. 576, 585 (2015), cert. denied, U.S.

___, 136 S. Ct. 1657, 194 L. Ed. 2d 800 (2016). "[A] police

officer has probable cause to arrest a suspect when the officer

possesses 'a well[-]grounded suspicion that a crime has been or

is being committed.'" Ibid. (alterations in original) (quoting

State v. Basil, 202 N.J. 570, 585 (2010)). "That well-grounded

 6 A-2400-15T1
suspicion should be based on the totality of the circumstances as

viewed by 'an objectively reasonable police officer.'" Ibid.

(quoting Basil, supra, 202 N.J. at 585).

 However, "an encounter that begins with a valid arrest or

investigative stop may lead to a seizure that will be suppressed

because the officer has unreasonably expanded the permissible

scope of an otherwise valid search." State v. Evans, 449 N.J.

Super. 66, 80 (App. Div.), certif. granted, ___ N.J. ___ (2017).

"The touchstone of the Fourth Amendment and Article I, [P]aragraph

7 of the New Jersey Constitution is reasonableness." State v.

Watts, 223 N.J. 503, 514 (2015) (alteration in original) (quoting

State v. Hathaway, 222 N.J. 453, 476 (2015)).

 Defendant does not dispute the police lawfully stopped his

vehicle because of his inoperative brake light and expired

registration. See State v. Bernokeits, 423 N.J. Super. 365, 370

(App. Div. 2011) ("A motor vehicular violation, no matter how

minor, justifies a stop without any reasonable suspicion that the

motorist has committed a crime or other unlawful act."). Nor does

he challenge his arrest, conceding police had probable cause to

take him into custody based on the smell of marijuana emanating

from his person and vehicle. See State v. Myers, 442 N.J. Super.

287, 297 (App. Div. 2015) ("[T]he smell of marijuana itself can

 7 A-2400-15T1
suffice to furnish probable cause that a criminal offense has been

committed . . . ."), certif. denied, 224 N.J. 123 (2016).

 Rather, defendant's sole point of contention is that the

police acted unlawfully by subjecting him to a strip search without

first obtaining a warrant. The parties agree the police conducted

a strip search as defined by N.J.S.A. 2A:161A-3, thereby subjecting

the encounter to the protections outlined in N.J.S.A. 2A:161A-1.

See Evans, supra, 449 N.J. Super. at 80. "We have observed that

this statute 'was adopted to provide greater protection than is

afforded by the Fourth Amendment,' noting that 'a statute providing

rights coextensive with constitutional protections would be

superfluous.'" Id. at 81 (quoting State v. Hayes, 327 N.J. Super.

373, 381 (App. Div. 2000)).

 N.J.S.A. 2A:161A-1 states:

 A person who has been detained or arrested for
 commission of an offense other than a crime
 shall not be subjected to a strip search
 unless:

 a. The search is authorized by a warrant
 or consent;

 b. The search is based on probable
 cause that a weapon, controlled dangerous
 substance . . . or evidence of a crime
 will be found and a recognized exception
 to the warrant requirement exists; or

 c. The person is lawfully confined in
 a municipal detention facility or an
 adult county correctional facility and
 the search is based on a reasonable
 8 A-2400-15T1
 suspicion that a weapon, controlled
 dangerous substance . . . or contraband,
 as defined by the Department of
 Corrections, will be found, and the
 search is authorized pursuant to
 regulations promulgated by the
 Commissioner of the Department of
 Corrections.

 Because defendant did not consent to the strip search, nor

was he confined in a detention or correctional facility, the only

provision that could apply is subsection (b). However, the

protections of subsection (b) have no effect unless we determine

police arrested defendant "for commission of an offense other than

a crime." Ibid. Our Criminal Code differentiates between

"crimes," which are offenses of the first, second, third, or fourth

degree, and "disorderly persons" offenses. See N.J.S.A. 2C:1-4.

 Defendant argues the protections of N.J.S.A. 2A:161A-1(b)

apply because police arrested him for possessing less than fifty

grams of marijuana, N.J.S.A. 2C:35-10(a)(4), a disorderly persons

offense. See State v. Harris, 384 N.J. Super. 29, 49 (App. Div.)

("[T]he strip search of defendant, who was arrested for the

disorderly persons offense of marijuana possession, is prohibited

unless supported by both probable cause and 'a recognized exception

to the warrant requirement.'" (quoting N.J.S.A. 2A:161A-1(b))),

certif. denied, 188 N.J. 357 (2006). Conversely, the State argues

N.J.S.A. 2A:161A-1(b) is inapplicable because police also had

probable cause to arrest defendant for unlawful possession of
 9 A-2400-15T1
prescription pills, N.J.S.A. 2C:35-10.5(e)(2), a crime of the

fourth degree. The State asserts the plain feel of the pill

bottle, the fact defendant attempted to hide it, his demeanor, and

Officer Lay's experience established probable cause by a totality

of the circumstances. See Shannon, supra, 222 N.J. at 585. The

State stresses that Officer Lay's subjective intent to arrest

defendant for marijuana possession is immaterial to the

determination of probable cause. See State v. O'Neal, 190 N.J.

601, 613-14 (2007).

 Having reviewed the suppression record, we reject the State's

position. To convict a defendant under N.J.S.A. 2C:35-10.5(e)(2),

the State must prove he possessed "a prescription legend drug

. . . in an amount of five or more dosage units unless lawfully

prescribed . . . by a licensed physician." Officer Lay's suspicion

that the item in defendant's groin area was a prescription pill

bottle does not establish probable cause defendant committed this

offense. A suspect can store marijuana in a bottle, see State v.

Miller, 342 N.J. Super. 474, 480 (App. Div. 2001), and would react

as defendant did upon its discovery. As Officer Lay's testimony

only established facts suggesting marijuana use, we find there was

no "objectively reasonable" basis to arrest defendant for

possession of prescription pills. See Shannon, supra, 222 N.J.

at 585.

 10 A-2400-15T1
 The State further argues that if N.J.S.A. 2A:161A-1(b) does

apply, the strip search was justified because there was probable

cause defendant possessed illicit prescript pills, and "a

recognized exception to the warrant requirement exist[ed]." Ibid.

The trial judge reached this conclusion on the warrant issue,

finding police acted lawfully under the search incident to arrest

exception. The State urges us to agree and further presents the

exigent circumstances exception as an alternative justification

for the search.

 However, we have held that the search incident to arrest

exception "may not be relied upon as the recognized exception to

the warrant requirement to satisfy the second criteria of

subsection 2A:161A-1(b)." Evans, supra, 449 N.J. Super. at 81

(citing Hayes, supra, 327 N.J. Super. at 378). In reaching this

conclusion, we found because "the strip search statute's

protections are triggered by an arrest[,] [a]n arrest alone . . .

cannot be both the event invoking the protections as well as the

event nullifying them." Ibid. (quoting Hayes, supra, 327 N.J.

Super. at 378). We further concluded that the risk a defendant

might destroy the evidence could not create an exigency justifying

a warrantless search under N.J.S.A. 2A:161A-1(b), because "it

would effectively nullify the statutory protection afforded to

 11 A-2400-15T1
persons detained or arrested for non-criminal offenses." Hayes,

supra, 327 N.J. Super. at 378.

 The State urges us to find Hayes distinguishable, contending

the defendant in that case "was arrested for a non-criminal offense

and probable cause that [the] defendant possessed criminal

contraband did not develop until after [the] defendant was already

searched and secured in the police vehicle," and "[n]o exigency

existed because [the] defendant was already secured when probable

cause arose." In Hayes, police arrested the defendant for an

outstanding warrant and secured him in the patrol car, where he

then attempted to place his hands down his pants. Id. at 376.

Believing the defendant was reaching for drugs hidden in his pants,

police conducted a strip search and discovered a bag containing

cocaine. Id. at 376-77. As noted, we determined N.J.S.A. 2A:161-

1(b) could not justify this search because "[a]n arrest alone

. . . cannot be both the event invoking the protections as well

as the event nullifying them." Id. at 378.

 Despite the State's assertions, we find Hayes applies to the

instant matter. The police only had probable cause to arrest

defendant for marijuana possession, and upon doing so, triggered

the protections of N.J.S.A. 2A:161A-1(b). That the probable cause

arose before police secured defendant does not alter the outcome;

the police could not use the search incident to arrest exception

 12 A-2400-15T1
to circumvent the protections that arose from defendant's arrest.

Furthermore, exigency could not support the search once the police

handcuffed and secured defendant. See Hayes, supra, 327 N.J.

Super. at 378.

 Finally, although not fully discussed by the State, our

decision in Evans suggests that the "plain feel" exception to the

warrant requirement might support a strip search under N.J.S.A.

2A:161A-1(b).2 Evans, supra, 449 N.J. Super. at 83-86. The plain

feel doctrine applies "when the officer conducting a lawful search

'feels an object whose contour or mass makes its identity

immediately apparent.'" Id. at 85 (quoting Minnesota v. Dickerson,

508 U.S. 366, 375, 113 S. Ct. 2130, 2137, 124 L. Ed. 2d 334, 345

(1993); State v. Jackson, 276 N.J. Super. 626, 630-31 (App. Div.

1994)). "The officer's knowledge that the arrestee has concealed

drugs on his person in the past may also contribute to the

officer's immediate realization that the bulge he touched was

drugs." Ibid.

 However, as in Evans, we find this exception does not apply

in the instant matter. Officer Lay's feeling of an object he

believed to be a prescription pill bottle did not make it

2
 Because the Evans court found the record did not support
application of the plain feel doctrine, the court did not make the
ultimate determination whether this exception could justify a
strip search under N.J.S.A. 2A:161A-1. Evans, supra, 449 N.J.
Super. at 84 n.9.
 13 A-2400-15T1
"immediately apparent" that the bottle contained contraband.

Moreover, although defendant had a prior arrest for marijuana

possession, there was no evidence in the record he had previously

concealed drugs on his person.

 Therefore, because we conclude the police did not act

reasonably in this matter, we reverse the order denying suppression

and remand for dismissal of defendant's judgment of conviction.

 Reversed and remanded. We do not retain jurisdiction.

 14 A-2400-15T1